417 So.2d 760 (1982)
STATE of Florida, Appellant,
v.
Victor Maurice ROBINSON, Appellee.
No. AH-191.
District Court of Appeal of Florida, First District.
July 23, 1982.
Rehearing Denied August 20, 1982.
*761 Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellant.
Roosevelt Randolph of Knowles, Randolph & Cooper, and James P. Judkins of Davis, Judkins & Simpson, Tallahassee, for appellee.
THOMPSON, Judge.
The state appeals an order granting the defendant a new trial. We reverse the order because we find that the the trial court was without jurisdiction to grant the motion for new trial.
Defendant was charged in a two count information with sexual battery and with kidnapping to facilitate a felony. Following a jury verdict of guilty as charged, rendered on July 23, 1981, defense counsel orally requested an extension within which to file post-trial motions. The trial judge granted the motion for extension of time, saying that he would like to have a written indication of when the motions would be filed. On August 4, 1981 defendant filed a written motion for extension of time, indicating that his post-trial motions would be filed no later than August 10, 1981. The trial court granted this motion, extending the time for filing post-trial motions to August 10, 1981. Defendant's motion for new trial, filed on August 10, 1981 was subsequently granted by the trial court.
Rule 3.590(a), Florida Rules of Criminal Procedure, effective January 1, 1981, allows the filing of a motion for new trial within 10 days after the rendition of the verdict or the finding of the court. In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980). The current rule does not specifically allow the trial court to extend the time for filing a motion for new trial as did the former rule. The tenth day after the rendition of the verdict was August 2, 1981, a Sunday. Accordingly, pursuant to Rule 3.040, Fla.R.Crim.P., defendant had until August 3, 1981, a Monday to timely file a motion for new trial. However, defendant's motion for new trial was not filed until August 10, 1981, the eighteenth day after the rendition of the verdict. Accordingly, defendant's motion for new trial was untimely filed. See Denard v. State, 410 So.2d 976 (Fla. 5th DCA 1982).
The time limits of former Rule 3.590(a), Fla.R.Crim.P., which permitted the filing of a motion for new trial or in arrest of judgment within four days after the verdict in a jury trial, or by leave of court within 15 days after the verdict, were jurisdictional. See State v. Farmer, 384 So.2d 311 (Fla. 5th DCA 1980); Pittman v. State, 370 So.2d 1207 (Fla. 1st DCA), cert. dismissed 375 So.2d 911 (Fla. 1979). Furthermore, a trial court was without authority under the former Rule 3.590, Fla.R.Crim.P. to extend the motion period beyond 15 days from entry of the verdict. Lamberti v. Wainwright, 513 F.2d 277 (5th Cir.1975). We therefore find that the time limits *762 enunciated under the current rule 3.590, Fla.R.Crim.P., effective January 1, 1981, are jurisdictional and that under said rule the trial court is without authority to extend the motion period beyond 10 days from rendition of the verdict. Accordingly, since the motion for new trial was not filed within 10 days of the rendition of the verdict, the trial court was without jurisdiction to hear the motion. We therefore vacate the order granting defendant a new trial and remand for further proceedings consistent with this opinion.
LARRY G. SMITH and JOANOS, JJ., concur.