PER CURIAM.
This is a petition for a writ of prohibition filed by the state to prohibit the trial court from holding an evidentiary hearing on the “[defendant's [sjecond [mjotion for [njew [tjrial” filed below. This motion was filed in the trial court following our reversal of a previous trial court order granting the defendant’s first motion for new trial. See State v. Prieto, 439 So.2d 288 (Fla.3d DCA 1983). We conclude that the trial court has no jurisdiction to entertain the defendant’s second motion for new trial and, accordingly, grant the petition for a writ of prohibition.
First, the second motion for new trial was plainly untimely under Fla.R.Crim.P. 3.590(a) because it was, without dispute, filed long after ten days had expired from the filing of the jury verdict in this cause, as required by said rule. Nor can the motion be treated as a belated amendment to the defendant’s first motion for new trial under Fla.R.Crim.P. 3.590(a) because the motion was filed long after the trial court had determined the first motion for new trial by granting it, thereby rendering the motion untimely as an amendment under the said rule. Inasmuch as the subject motion is untimely under Fla.R. *547 Crim.P. 3.590(a), the trial court has no jurisdiction to entertain it. See Long v. State, 96 So.2d 897, 898 (Fla.1957); Farrior v. State, 76 So.2d 148, 150 (Fla.1954); State v. Robinson, 417 So.2d 760, 762 (Fla. 1st DCA 1982); Tafero v. State, 406 So.2d 89, 91 (Fla.3d DCA 1981); State v. Farmer, 384 So.2d 311, 313 (Fla. 5th DCA 1980); State v. Pinto, 273 So.2d 408, 411 (Fla.3d DCA), cert. dismissed, 283 So.2d 367 (Fla.1973).
Second, we would ordinarily hold that the trial court had jurisdiction to entertain the subject motion as a motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850, see Smith v. State, 400 So.2d 956 (Fla.1981), or as a petition for a writ of error coram nobis, see Hallman v. State, 371 So.2d 482 (Fla.1979); Tafero v. State, supra, inasmuch as the defendant has been adjudicated guilty and sentenced in this case. We cannot do so, however, because a belated appeal from the final judgment and sentence under Baggett v. Wainwright, 229 So.2d 239 (Fla.1969) has been taken by the defendant to this court, and we have granted the defendant permission to prosecute this belated appeal. Prieto v. Wainwright, No. 84-1306 (Fla.3d DCA filed June 14, 1984). This pending appeal necessarily deprives the trial court of jurisdiction to entertain, at this time, the subject motion as a motion to vacate judgment and sentence under Fla.R.Crim.P. 3.850 or as a petition for a writ of error coram nobis. State v. Meneses, 392 So.2d 905 (Fla.1981).
Prohibition granted.