651 So.2d 145 (1995)
STATE of Florida, Appellant,
v.
Carol L. JOHNSON, Appellee.
No. 94-00769.
District Court of Appeal of Florida, Second District.
February 15, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia E. Davenport, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Kenneth D. Whitfield, Asst. Public Defender, Bartow, for appellee.
QUINCE, Judge.
The state appeals an order granting a motion for arrest of judgment filed by Carol L. Johnson (Johnson). Since the motion was untimely and could not be considered a proper motion pursuant to Florida Rule of Criminal Procedure 3.850, we reverse.
Johnson was charged by information with aggravated battery. A jury found her guilty of the lesser included offense of simple battery. Almost two months after the judgment was entered, Johnson filed a motion for arrest of judgment.
A motion for arrest of judgment must be filed within ten days after rendition of the verdict or the finding of the court. Fla. R.Crim.P. 3.590(a). The time limit contained in rule 3.590(a) is jurisdictional. State v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982), rev. denied, 471 So.2d 44 (Fla. 1985).
Johnson argues that her motion was a mistitled motion for postconviction relief pursuant to Florida Rule of Criminal Procedure *146 3.850 and was therefore timely. We disagree.
The purpose of rule 3.850 is not to review ordinary trial errors reviewable by means of direct appeal. McCrae v. State, 437 So.2d 1388 (Fla. 1983). The issue of whether the jury should have been given the simple battery instruction is one which could have been raised and addressed on direct appeal, assuming the issue was properly preserved. However, the issue was not appealed.
Since the trial court lacked jurisdiction to hear the motion and it was not a proper 3.850 motion, we reverse with instructions to the court to reinstate the judgment and sentence.
RYDER, A.C.J., and DANAHY, J., concur.