697 So.2d 1000 (1997)
James Melvin CLIFTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04392.
District Court of Appeal of Florida, Second District.
August 8, 1997.
James P. Harris, Jr., of Law office of Steve Pincket, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon Johnson, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
James Melvin Clifton appeals his convictions for aggravated assault and possession of a firearm by a felon. Clifton contends that the trial court erred in denying his motion for a new trial because the court failed to conduct an adequate inquiry into possible jury misconduct. We affirm because the motion for new trial was filed beyond the ten-day period allowed by Florida Rule of Criminal Procedure 3.590(a).
The jury verdict was rendered on July 18, 1995, and Clifton's motion was filed on August 23, 1995, substantially more than ten days later. The case law is clear that a motion for new trial under Rule 3.590(a) must be filed within ten days after rendition of the verdict and that the trial court loses jurisdiction of the matter after that time. See State v. Snyder, 453 So.2d 546 (Fla. 3d DCA 1984); State v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982); see also State v. Johnson, 651 So.2d 145 (Fla. 2d DCA 1995)(because ten-day time limit in Rule 3.590(a) is jurisdictional, court could not entertain motion for arrest of judgment filed two months after judgment).
Clifton's motion was not timely filed and, accordingly, we affirm.
CAMPBELL, A.C.J., and PATTERSON and FULMER, JJ., concur.