PATTERSON, Judge.
Tavares Bogan appeals from his judgments and sentences imposed after revocation of community control. We have reviewed the record and the law in accordance with our obligation expressed in In Re Anders Briefs, 581 So.2d 149 (Fla.1991), and have found potential reversible error not raised in the briefs.
Upon revocation of community control, the trial court sentenced Bogan to concurrent 12.85 year prison sentences for three counts of robbery. The two robbery counts in case number 94-11793 are properly reflected on the judgment and scored as second-degree felonies, and we affirm those convictions. In case number 94-13959, the robbery appears to be incorrectly reflected on the judgment and scored as a first-degree felony punishable by life.
*1001 Bogan was initially charged in case number 94-13959 with “ROBBERY (FIREARM — $300 OR MORE),” pursuant to section 812.13(1) and (2)(a), Florida Statutes (1993). In the body of the information, however, the phrase “carried a firearm” is crossed out and initialed. At the top of the information, a handwritten notation states, “Changed just to Robbery 2nd°.” Although the information appears to have been amended, Bogan’s plea form reflects that he was pleading to “robbery with weapon” and denotes the possible punishment as “life.” When Bogan was originally placed on community control, his judgment shows a conviction for robbery and then states “(AMENDED),” but reflects the degree of crime as “1PBL.” Upon revocation of community control, Bogan’s judgment states his conviction is for “ROBBERY (DELETE FIREARM) (AMENDED),” but still lists the degree of crime as “1PBL.” The scoresheet reflects 91 points for the primary offense of “Robbery F/A,” scored as a first-degree felony punishable by life.
Had the scoresheet reflected robbery as a second-degree felony, Bogan would have received 36 points for a level six offense, instead of 91 points for a level nine offense. This change would result in a minimum prison sentence of 4.275 years to a maximum of 7.125 years.
Thus, we reverse and remand for the trial court to determine whether the conviction in ease number 94-13959 should have been for a first-degree felony punishable by life or a second-degree felony. If the conviction should have been for a second-degree felony, the trial court shall correct the judgment and resentence Bogan with a properly prepared scoresheet.
Affirmed in part, reversed in part and remanded.
CAMPBELL, A.C.J., and FULMER, J., concur.