700 So.2d 728 (1997)
Kenneth HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3130.
District Court of Appeal of Florida, Fifth District.
September 19, 1997.
Rehearing Denied October 29, 1997.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant *729 Attorney General, Daytona Beach, for appellee.
GRIFFIN, Chief Judge.
This appeal concerns only claims of sentencing error. The errors asserted are (1) that the court sentenced the defendant to a term greater than the balance of his "true split sentence," and (2) that the sentence imposed exceeded a "one cell bump." Since these claimed errors were not preserved by objection below or by means of Florida Rule of Criminal Procedure 3.800, however, there is nothing for this court to review. § 924.051, Fla. Stat. (1996 Supp.).
This is a perfect case to illustrate the salutary purpose of the Criminal Appeal Reform Act. Because there was no objection below to the sentence complained of on appeal, the sentencing history of this "frequent violator" is unclear and confusing. The state finds itself speculating about the basis for the earlier 1995 sentence,[1] whether the defendant had served community control in case No. 91-3963 by 1995, whether there were intervening felonies, how many "bump-ups" are appropriate, and so on. If this sentence had been objected to at the time of its imposition or, even afterward, if defendant had invoked his right under Rule 3.800 to complain about the sentence below, none of these and other mysteries would perplex us on appeal. Appellate courts are not the place to litigate these issues for the first time. From our study of the file, it appears the sentence imposed can be correct; whether it is correct is not clear. In any event, appellant has failed to demonstrate error.
AFFIRMED.
COBB, J., concurs.
HARRIS, J., dissents, with opinion.
HARRIS, Judge, dissenting.
I respectfully dissent.
For such a simple issue (sentencing), the resolution of this appeal has become quite complex. I must concede the points made by the majority. The record is a mess, the State's brief is not too helpful (but this is a criticism of the record and not the State), and the defendant did not object below.
It appears that we have three options. Because of the state of the record, we can throw up our hands and merely affirm. After all, it is the obligation of appellant to bring us a complete record to review. But this record is complete; it is merely unintelligible. Regardless of whether the fault lies with trial counsel (State or defense) or with a trial judge who was uncharacteristically unclear, we cannot be certain whether the sentence is appropriate or not. But one thing is clear. Although Kenneth Hunter may have killed Cock Robin, he is not responsible for the state of this record.
The State points out that the record, such as it is, reflects that Hunter may well have been sentenced for a non-existent offense. That is, it appears from the record that he was sentenced for violating community control after the community control sentence had been served. The State characterizes this as a lack of trial court jurisdiction. In any event, the trial court sentenced Hunter to prison based on an underlying charge for which he may have served his original sentence. If the sentence cannot be justified based on a valid and timely violation, then this would appear to be a case in which two sentences have been imposed for the same *730 offense which would violate the prohibition against double jeopardy and would constitute fundamental error excusing Hunter's failure to object below. As the State "concedes" in its brief:
At the outset, the State questions whether the trial court had jurisdiction in 1995 to revoke a two year community control sentence imposed in August, 1991 ... However, from the record, it is unclear whether the sentence imposed in 91-3963 was tolled or not. Jurisdiction cannot be conferred by consent, nor can it be waived by pleading to the violation ... This factual dispute should be resolved by the trial court.
Normally we will not consider an alleged trial court error unless the defense objected below and gave the trial court an opportunity to correct its error. But our tolerance is not without limits. If the error is so substantial that it goes to the essence of a fair and impartial trial so that it amounts to a denial of due process, then the justice of the case requires that it be corrected. Scoggins v. State, 691 So.2d 1185 (Fla. 4th DCA 1997). In such case, "fundamental error" has been committed and we will undertake a review even if no objection was made below. A court's acting without jurisdiction or in violation of the constitutional prohibition against double jeopardy would be a hum-dinger of an error. Indeed, the error would be so great that red flags would fly everywhere. We have competent counsel, an experienced defendant (he may have been in court more than the lawyers), and an able judge. One would expect that the objection would have been so loud that we could have heard it from the Criminal Justice Building. The record, however, shows no objection. This causes one to believe that there must be more to this sentencing than meets the eye. Perhaps the lawyers, the defendant and the judge knew why this sentence would be appropriate and merely failed to reflect the reason in the record. Perhaps.[1]
The State takes the position, consistent with the highest traditions of the office, that we should not affirm a sentence that appears from the record to violate substantial and basic rights of the defendant until the record is corrected to justify the sentence. I agree.
Our second option is to attempt to interpret the record by adding inferences where the record is unclear. I agree with the majority that this is not the function of the appellate court.
Our third option, and the one I would elect, is to accept the State's concession and remand to the trial court to resentence with a record that permits a meaningful review in the event the sentence is challenged. By such a reversal, we would not be holding that the current sentence is necessarily in error, only that we cannot tell one way or the other.[2] This is a situation similar, albeit admittedly distinguishable, to cases in which the court fails to attach portions of the record necessary to justify the summary denial of a Rule 3.850 motion. I believe it to be the court's responsibility to reflect in the record what the sentence is and the basis for it. It is not the purpose of the Criminal Appeal Reform Act to permit a defendant to serve a second term after he has completed his first. *731 If it were, then we face serious constitutional (state and federal) implications.
NOTES
[1] The state's brief is odd. As the dissent notes, the state muses (apropos of nothing argued by the defendant) that perhaps the defendant's two-year community control sentence had expired when he was resentenced in 1995. This is the basis of the dissent's "double jeopardy" concern. The record shows, however, that the defendant was placed on community control in August 1991 and immediately sent to Dade County to answer charges there. He was to report to community control upon his release from jail in Dade, but, upon his release on September 16, 1991, he did not report for community control in Volusia County. Instead, he disappeared until he was arrested four years later in Daytona using an alias and a Connecticut address. A violation report was filed in Volusia in November 1991. How this case can represent a double jeopardy problem is a mystery. The defendant (who no doubt is well aware he wasn't serving community control between 1991 and 1995) doesn't even make this argument and we need not, indeed, cannot consider it on appeal.
[1] The answer appears straight-forward to the majority. However, although a 1991 violation is referenced in the 1996 Violation Report (but the report does not indicate what the 1991 violation was), the 1991 violation affidavit and report are not in this record and were not before the trial court. Further, all violations contained in the current affidavit and report involve actions that took place either in 1995 or 1996 except an allegation that Hunter failed to comply with his Community Control Officer's instruction to report after he was released from the Dade County Correctional Institution in 1991. There is no indication why there was a delay for almost three years after the running of the community control sentence to file this violation. The State asserts that the reason may be that the defendant was out of state or hiding and thus the sentence may have been tolled. But the record does not reflect this. If the State could have located the defendant with reasonable effort, the sentence would not have been extended. In this appeal, the State suggests that this is a matter for the trial court to resolve and not us. If testimony is required, the trial court is better able to hear it; if no testimony is required, then the trial court may wish to better explain the justification for its sentence. In any event, this record does not justify an affirmance.
[2] This is consistent with the action taken by the court in Bogan v. State, 697 So.2d 1000 (Fla. 2d DCA 1997), when faced with a sentence unjustified by the record.