W. SHARP, Judge.
Hardman brings an Anders[1] appeal from his sentences received in five probation violation cases and eleven subsequent criminal cases. He entered guilty pleas to both the probation violation cases and the new criminal cases. He was sentenced as an habitual felony offender and received extensive sentences.[2] We affirm.
Hardman entered guilty pleas, acknowledging he would be sentenced as an habitual offender. Since he failed to preserve any errors by objection below or by motion pursuant to revised Florida Rule of Criminal Procedure 3.800, there is nothing for this court to review. Hunter v. State, 700 So.2d 728 (Fla. 5th DCA 1997); § 924.051, Fla. Stat.; Fla.App. R.P. 9.140(9). An examination of this record fails to disclose any issues which, even with guilty pleas, Hardman might have been able to raise pursuant to Robinson v. State, 373 So.2d 898, 903 (Fla.1979). See Isley v. State, 565 So.2d 389 (Fla. 5th DCA (1990)).
AFFIRMED.
COBB and THOMPSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. In the 5 probation violation cases, Hardman received habitual felony offender sentences of (a) 5 years; (b) 30 years and 10 years; (c) 25 years and 10 years; (d) 25 years, 10 years and 25 years; and (e) 25 years and 4, 10-year terms, all to be served concurrently. In the 11 new cases he was sentenced as an habitual felony offender. Those sentences were to run concurrently with each other but consecutive to the violation of probation cases. He received (a) 30 years and 3, 10-year terms; (b) 30 years and 2, 10-year terms; (c) 30 years and 2, 10-year terms; (d) life and 3, 10-year terms; (e) 2, 30-year terms; (f) 10 years; (g) 2, 30-year temis and 10 years; (h) life, a 30-year term and 6, 10-year terms; (i) 30 years and 3, 10-year terms; (j) 30 years and 3, 10-year terms; and (k) 30 years and 3, 10-year terms.