FULMER, Judge.
The issue raised in this appeal is whether a motion for new trial was timely filed. We conclude that it was not, and therefore, affirm.
On August 28, 1997, a jury found James Lee Porter guilty of two counts of driving under the influence resulting in serious injury and one count of driving with a suspended license. On September 8, 1997, Porter’s trial counsel prepared a motion for new trial and a proposed order for posttrial release. The two documents were delivered together directly to the tri *515 al judge’s office by counsel’s secretary and left there. The trial judge reviewed the proposed order for posttrial release, entered a written ruling thereon, dated and signed the order and placed it in his out box to be delivered to the clerk’s office. He also placed the motion for new trial in the out box. However, no notations were made on that document until it was delivered to and date stamped by the clerk’s office on September 10,1997.
An evidentiary hearing was later held on the motion for new trial. The State did not raise an objection to the timeliness of the motion. The trial court granted the motion for new trial based on newly discovered evidence. Eventually, the State did raise the timeliness issue by filing a motion to vacate the new trial order based on lack of jurisdiction.[1] A successor judge presided over the hearing on the State’s motion.
Florida Rule of Criminal Procedure 3.590(a) requires that a motion for new trial be made “within 10 days after the rendition of the verdict or the finding of the court.” In this case, the operative date for compliance with the ten-day time limitation was Monday, September 8, 1997. Rule 3.030(d) provides that papers and other pleadings shall be filed with the clerk of the court, “except that the judge may permit the papers to be filed with him or her, in which event the judge shall note thereon the filing date and transmit them to the office of the clerk.” Porter contends that, pursuant to Florida Rule of Criminal Procedure 3.030(d), the motion was timely filed when it was delivered to the judge’s office on September 8, 1997. The State contends that the motion was filed when it was date stamped in the clerk’s office on September 10,1997.
At the hearing on the State’s motion, the original trial judge testified that he recalled receiving a motion for new trial during the fall of 1997, but did not recall any instruction accompanying it saying, “Judge, I need you to time date it in if you would.” He explained that when he is asked to file or be the recipient for the filing of a document, he makes a notation on the face of the document consisting of his initials and the date and time. He further explained that “[i]f no one requested it [filing], generally I would assume that [it] was filed with me or placed in my basket in my office in error and it needed to go to the Clerk of the Courts so that it could be appropriately stamped in at the right time reflected in the file.”
The secretary who delivered the motion for new trial and the proposed order for posttrial release testified that she did not have an independent recollection of whether she filed the motion in the clerk’s office or whether she left the motion and order in the judge’s office. She acknowledged that it was very likely that she left the motion for new trial in the judge’s office when she dropped off the order for posttrial release. When asked if she ever requested that the judge file the motion for her, she replied, “No.” After hearing additional testimony and argument of counsel, the successor judge ruled that the motion for new trial was not timely filed and entered an order denying the motion on that basis. We agree, and therefore, affirm.
Affirmed.
BLUE, A.C.J., and SALCINES, J., Concur.

. Because the time limitation contained in Florida Rule of Criminal Procedure 3.590(a) is jurisdictional, the State could raise the issue notwithstanding the subsequent, myriad proceedings and its failure to earlier challenge the timeliness of the motion. See Clifton v. State, 697 So.2d 1000 (Fla. 2d DCA 1997).