756 So.2d 1111 (2000)
The STATE of Florida, Appellant,
v.
Rene Alex BODDEN, Appellee.
No. 3D99-2604.
District Court of Appeal of Florida, Third District.
May 10, 2000.
Robert A. Butterworth, Attorney General and Lara J. Edelstein, Assistant Attorney General, for appellant.
Entin, Margules & Delia Fera, P.A. and Alvin E. Entin, Ft. Lauderdale; May & Cohen, P.A. and Jon May, Ft. Lauderdale, for appellee.
Before COPE, GREEN, and SORONDO, JJ.
GREEN, J.
The state appeals an order granting the appellee's motion for new trial which was filed beyond the ten day period prescribed in Rule 3.590(a), Florida Rules of Criminal Procedure. Alternatively, the state requests that we summarily treat this appeal as the appellee's motion for ineffective assistance of trial counsel and reverse finding that appellee is not entitled to relief in the form of a new trial.
The appellee, Rene Alex Bodden, was charged with second degree murder and two counts of aggravated assault with a firearm. The case proceeded to a jury trial with Bodden asserting self-defense. The events preceding the murder of the *1112 victim can only be characterized as what is commonly referred to as "road rage." During the early morning hours of April 14, 1997, the victim, Sixto Gomez, and his companion, Ilsa Velazquez, drove a Cadillac to the Kendall Gate Plaza to eat at a Denny's Restaurant located there. Traveling behind them, in two separate vehicles, were their friends, Jose Borges and his girlfriend, Sara Rosario and Eric Marrero and his girlfriend. The state's witnesses testified that as the victim's Cadillac, being driven by Ms. Velazquez, entered the plaza, it stalled in the main thoroughfare of the plaza. The victim, Borges and Marrero got out of their respective vehicles to push the victim's Cadillac. At or about this time, Bodden and his companion, Jahira Novaton, were leaving the Denny's restaurant in his Lexus. The victim approached the Lexus and asked Bodden, who was in the driver's seat, whether he had any jumper cables. There was testimony that an argument ensued between the victim and Bodden with Bodden angrily and profanely telling the victim to move the stalled car. At that point, the victim struck Bodden on the head several times.
Borges testified that when he heard the argument, he grabbed the victim and pulled him back toward the Cadillac because he spotted a pouch in Bodden's car and suspected that Bodden was armed. Borges further testified that he told the victim that Bodden might have a gun, but the victim responded by saying that Bodden was just showing off for the girl in his car. The victim broke free of Borges' grasp and headed again towards Bodden's car. Bodden then shot the victim seven times.
Bodden testified that the victim came back and was holding onto the Lexus door as Bodden was backing up the car. Bodden further testified that he was inside the Lexus when he fired all seven shots. None of the other witnesses confirmed Bodden's testimony. In fact, all of the other witnesses testified that Bodden was outside of the Lexus when he fired the shots.[1] There was, however, blood splatter found on the driver's interior area of the Lexus as well as human body tissue in the front passenger side console.
At the close of the state's case in chief, and again at the close of all of the evidence, Bodden moved for a judgment of acquittal. The trial court reserved ruling on the motion and the case was submitted to the jury for its consideration. On May 17, 1999, the jury returned its verdict finding Bodden guilty of second degree murder and not guilty of the aggravated assault charges. On August 5, 1999, Bodden filed a Motion for Judgment of Acquittal, Motion for Judgment Notwithstanding the Verdict and Motion for New Trial. On October 6, 1999, the trial court issued its order denying the Bodden's motion for judgment of acquittal, but granting his motion for new trial finding that the verdict was against the manifest weight of the evidence.[2] The state timely perfected this appeal.
The appellee's motion for new trial filed on August 5, 1999 was clearly filed outside ten day period prescribed by rule 3.590(a) for such a motion.[3] The state *1113 initially argues and the appellee correctly concedes that the ten day period prescribed under Rule 3.590(a) is jurisdictional in nature and, hence, cannot be extended by the parties or the trial court. The trial court, therefore, was without jurisdiction to entertain the appellee's untimely motion for a new trial in this case. See State v. Anton, 700 So.2d 743, 747 (Fla. 2d DCA 1997); Clifton v. State, 697 So.2d 1000 (Fla. 2d DCA 1997); State v. Snyder, 453 So.2d 546, 546-47 (Fla. 3d DCA 1984); State v. Robinson, 417 So.2d 760, 761 (Fla. 1st DCA 1982).
The state, however, recognizes that defense counsel's failure to timely file the motion for new trial does give rise to a claim of ineffective assistance of counsel by the appellee. Rather than remand this issue for the appellee to raise the issue by way of a 3.850 motion, the state asserts that the record is sufficient, on its face, for us to resolve this claim on this direct appeal. See Loren v. State, 601 So.2d 271, 272-73 (Fla. 1st DCA 1992) (although a claim for ineffective assistance of counsel is properly raised in a motion for postconviction relief, claim may be raised on direct review where the record is sufficient to allow determination of the claim); see also Mizell v. State, 716 So.2d 829 (Fla. 3d DCA 1998) (we can avoid having the parties and trial court "do the long way what we ourselves should do the short"). We agree.
Under the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a claim of ineffective assistance of counsel requires a showing that: (1) defense counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) there was prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 695, 104 S.Ct. 2052. Contrary to the state's contention on this appeal, we believe that the appellee's claim of ineffective assistance of trial counsel has been established on the record before us.
First of all, without question, the defense counsel's failure to timely file the appellee's motion for a new trial in accordance with the Florida Rules of Criminal Procedure constituted deficient performance. The state, however, contends that the appellee cannot meet the second prong of Strickland by demonstrating prejudice as a result of his trial counsel's deficient performance. We disagree.
In this case, after considering all of the evidence adduced at this trial, the trial court made specific findings and granted the belated motion for new trial finding the jury's verdict to be against the manifest weight of the evidence. Rule 3.600(a)(2), Florida Rule of Criminal Procedure authorizes the trial court to grant a new trial if it is established that "[t]he verdict is contrary to law or the weight of the evidence." The Florida Supreme Court has said that this rule "enables the trial judge to weigh the evidence and to determine the credibility of witnesses so as to act, in effect, as an additional juror." See Tibbs v. State, 397 So.2d 1120, 1123 n. 9 (Fla.1981). As we stated in Gonzalez v. State, 449 So.2d 882 (Fla. 3d DCA 1984):
Florida Rule of Criminal Procedure 3.600(a)(2) authorizes a trial judge to grant a new trial if it is established that `the verdict is contrary to ... the weight of the evidence.' The process of determining whether the verdict is consistent with the weight of the evidence necessarily requires the trial judge to invade the fact-finding arenato act, in effect, as an additional juror.
Id. at 888 (quoting Tibbs, 397 So.2d at 1123 n. 9).
Moreover, since the trial court has been vested with the right to assess weight of evidence claims by virtue of Tibbs, see *1114 Uprevert v. State, 507 So.2d at 162, 163-64 (Fla. 3d DCA 1987), Tibbs has virtually stripped the appellate courts of any significant role in that process. See Robinson v. State, 462 So.2d 471, 477 (Fla. 1st DCA 1984) ("Tibbs simply removes the appellate courts from playing any significant role in that process and places sole responsibility for that discretionary decision upon the trial judge").
Thus, had the appellee's motion for a new trial been timely when it was granted, that order granting a new trial would have virtually been unassailable on appeal by the state under Tibbs and its progeny. For that reason, we conclude that the appellee has established his prejudice under the second prong of Strickland. Finding, therefore, that the record affirmatively establishes the appellee's claim of ineffective assistance of counsel on its face, we treat this appeal as a motion for post-conviction relief because of ineffective assistance of trial counsel, grant the same and affirm the order granting the appellee a new trial on this basis.
Affirmed.
NOTES
[1] Although Ms. Novaton, who had been seated in the Lexus with Bodden testified that she closed her eyes after the first shot was fired, she did see Bodden get back in the Lexus after the last shot was fired.
[2] Specifically, the court made the following findings:

Here, the Defendant was in a position justifying fear for his safety. It was late at night; his automobile exit route was blocked (or so he perceived); the victim did attack and strike the Defendant several times; the victim, intoxicated, broke away from his companions and attempted to attack the Defendant again; the keys had fallen from the ignition. Although as mentioned above, the victim was shot seven times, that was occasioned by the Defendant emptying his gun at the approaching victim, and the unusual number of shots is explainable by the totality of the circumstances.
[3] The rule reads as follows:

A motion for new trial ... may be made within 10 days after the rendition of the verdict or the finding of the court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the 10 day period and in the discretion of the court at any other time before the motion is determined.