SHARP, W., J.
Showers appeals after a jury convicted him of aggravated battery with a deadly weapon, or causing great bodily harm.[1] He argues that the trial court should have granted his motion for new trial based on new and material evidence, which was discovered after the trial had been completed. Because we find that the motion was untimely and successive, we affirm. However, our affirmance is grounded on lack of jurisdiction, not on the merits, and it is without prejudice for Showers to bring a post-judgment proceeding pursuant to Florida Rule of Criminal Procedure 3.850.
The guilty verdict in this case was returned on April 14, 1999. Defense filed a motion for new trial on April 23, 1999, but failed to raise the newly discovered evidence ground. The motion for new trial was denied April 27, 1999. Thereafter, a motion to rehear the denial of the motion for new trial was filed on June 4, 1999, which was based on newly discovered evidence. On November 22,1999, this motion was also denied by the trial judge.
A claim for new trial based on Florida Rule of Criminal Procedure 3.600 must be filed within ten days after rendition of the verdict. Fla.R.Crim.P. 3.590(a). The first motion filed was timely. If treat *425 ed as a motion for new trial, the second was not. The rule also provides that a timely motion for new trial may be amended to state new grounds prior to the expiration of the ten day period, and it may be amended, at the court’s discretion, any other time before the motion is determined. Fla.R.Crim.P. 8.590(a). The first motion was disposed of before the motion to rehear was filed, and thus we cannot treat it as a timely amended motion.
Accordingly the second motion appears to be successive. See, e.g., Reid v. State, 745 So.2d 363 (Fla. 4th DCA 1999) (motion for rehearing was in reality an amended 3.850 motion filed after the court had denied the initial motion). We also failed to find any authority for a motion to rehear a motion for new trial in which newly discovered evidence is raised for the first time. Thus we conclude the trial court lacked jurisdiction to hear such an untimely motion. State v. Bodden, 756 So.2d 1111 (Fla. 3d DCA 2000). Accordingly, its order denying the motion for rehearing was not rendered on the merits.
Having said that, we stress that our affirmance of the trial court is without prejudice to file a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Our review of the record discloses that Showers may have a valid claim under this rule, for a new trial.[2]
Following the trial, defense was able to locate and identify two witnesses to the altercation which culminated in this prosecution, who would testify that Showers was not the person who caused the injury. In fact, one of the persons admitted that he was the one who threw the beer bottle in the bar which may have caused the injury to the victim. The testimony that convicted Showers primarily came from persons in a crowded, dark, bar room who may have been mistaken in their identification of Showers as the thrower of the beer bottle. It appears the testimony of the two newly located persons, if presented at trial, could clearly have changed the result.
The state argues that defense could have discovered the existence of the two witnesses and their testimony prior to the trial, and that it did not exercise due diligence. See McCallum v. State, 559 So.2d 233 (Fla. 5th DCA 1990). However, the fact that the defense failed to locate these persons before trial can be partially blamed on the state. The state filed an information against Showers and then dismissed it and then refiled the information six months later. Thirteen months lapsed between the time of the altercation and the filing of the second information.
In the meantime, the bar closed and the individuals in question had moved from the area and lost contact with Showers. Further, the identity and location of bar employees who might have helped identify patrons in the bar on the night of the altercation were not available to the defense at the time the second information was filed. The effect of a delay in prosecuting a case by the state is a factor in determining whether the defense exercised due diligence. See State v. Bennett, 382 So.2d 811 (Fla. 2d DCA 1980); State v. Griffin, 347 So.2d 692 (Fla. 1st DCA 1977).
AFFIRMED.
HARRIS and GRIFFIN, JJ., concur.

. § 784.045(l)(a)(l) and (2), Fla.Stat. (1997).

. The standard for granting a new trial under rule 3.600 and rule 3.850 is the same. Totta v. State, 740 So.2d 57 (Fla. 4th DCA 1999); Jackson v. State, 416 So.2d 10 (Fla. 3d DCA 1982).