HAZOURI, J.
After a jury trial in which appellee, Donna Lynn Nicholson, was convicted of possession of cocaine, the trial court granted appellee a new trial. The state has appealed this order and argues that the trial court lacked jurisdiction to consider this motion for new trial as it was untimely. We agree and reverse.
The jury rendered its verdict against appellee on July 10, 2001. On July 18, 2001, appellee timely filed a motion for judgment notwithstanding the verdict which is the equivalent of a motion for judgment of acquittal under Rule 3.380(c), Florida Rules of Criminal Procedure. On August 3, 2001, the trial court held a hearing on the motion.
During the hearing the trial court pointed out to appellee’s counsel that although there was sufficient evidence to send the case to the jury and he could not grant the motion before him, he was inclined to grant a new trial. At that point the defense made an oral request for a new trial on the charge of possession óf cocaine which the trial court granted over the state’s objection.
Rule 3.580, Florida Rules of Criminal Procedure, provides:
When a verdict has been rendered against the defendant or the defendant has been found guilty by the court, the court on motion of the defendant, or on its own motion, may grant a new trial or arrest judgment.
Rule 3.590 provides in pertinent part:
(a) Time for Filing. A motion for new trial or in arrest of judgment, or both, may be made within 10 days after the rendition of the verdict or the finding of the court. A timely motion may be amended to state new grounds without leave of court prior to expiration of the 10 day period, and in the discretion of the court at any other time before the motion is determined.
(b) Oral Motions. When the defendant has been found guilty by a jury or by the court, the motion may be dictated into the record, if a court reporter is present, and may be argued immediately after the return of the verdict or the finding of the court. The court may immediately rule on the motion.
(c) Written Motions. The motion may be in writing, filed with the clerk; it shall state the grounds on which it is based. A copy of a written motion shall be served on the prosecuting attorney. When the court sets a time for the hearing thereon, the clerk may notify counsel for the respective parties or the attorney *910 for the defendant may serve notice of hearing on the prosecuting officer.
When a written motion for new trial is not filed within ten days of the rendition of the verdict as permitted under the rule, the trial court is without jurisdiction to hear the motion. Showers v. State, 778 So.2d 424, 425 (Fla. 5th DCA 2001); State v. Bodden, 756 So.2d 1111, 1112-13 (Fla. 3d DCA 2000); Porter v. State, 749 So.2d 514, 515 (Fla. 2d DCA 1999); State v. Anton, 700 So.2d 743, 747 (Fla. 2d DCA 1997); State v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982).
Appellee did not file a written motion for new trial under rule 3.590(c) and failed to make an oral motion for a new trial immediately following the return of the verdict as required by rule 3.590(b). Without either an oral or a written motion for a new trial properly before it, the trial court was without jurisdiction to grant a new trial. Appellee suggests in her Answer Brief that this court should affirm the granting of a new trial on the ground that she received ineffective assistance of counsel. Appellee did not file a cross appeal in this case and this issue is not properly before this court. We reverse the order granting a new trial and remand for reinstatement of the verdict. We do this without prejudice for appellee to file a rule 3.850 motion for a claim of ineffective assistance of counsel.
WARNER and SHAHOOD, JJ., concur.