839 So.2d 865 (2003)
Nathaniel HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4689.
District Court of Appeal of Florida, Fourth District.
March 12, 2003.
*866 Carey Haughwout, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals the trial court's order that denied his motion for new trial after his conviction for burglary with intent to commit theft. We treat this as an appeal from a denial of a motion for ineffective assistance of counsel and affirm.
The defendant was convicted of burglary with intent to commit theft and acquitted of a petit theft charge. The defendant filed a motion for new trial fourteen days after the jury verdict. In the motion, the defendant argued that the verdict was inconsistent because the petit theft was a necessary underlying element of the burglary. He reasons that if he wasn't guilty of the petit theft, he couldn't be guilty of the burglary. The State responds that the motion was untimely and thus the trial court lacked jurisdiction to rule on the motion. The defendant requests this court to address the merits by treating this as an appeal from the denial of a motion for ineffective assistance of counsel.
We agree with the State on both jurisdictional grounds as well as the merits of the case. First, the defendant untimely filed the motion for new trial. See Fla. R.Crim. P. 3.590(a). This left the trial court without jurisdiction to consider the motion. Clifton v. State, 697 So.2d 1000 (Fla. 2d DCA 1997). However, this court can consider defense counsel's failure to timely file the motion for new trial as a claim of ineffective assistance of counsel. State v. Bodden, 756 So.2d 1111 (Fla. 3d DCA 2000). By doing so, we can "avoid the legal churning, ... which would be required if we made the parties and the lower court do the long way what we ourselves should do the short." Mizell v. State, 716 So.2d 829, 830 (Fla. 3d DCA 1998).
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), set forth a two-prong test for evaluating a claim of ineffective assistance of counsel. It "requires a showing that: (1) defense counsel's representation was deficient in that it fell below an objective standard of reasonableness and (2) there was prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Bodden, 756 So.2d at 1113.
In this case, the first prong of Strickland is satisfied. We find that defense counsel's failure to timely file the defendant's motion for new trial constituted deficient *867 performance. Bodden, 756 So.2d at 1113. However, unlike Bodden, we find that the second prong of Strickland has not been met in this case because the motion for new trial lacked merit.
Generally, inconsistent verdicts in criminal cases are permitted in Florida. The exception to this rule lies in legally inconsistent verdicts. State v. Powell, 674 So.2d 731 (Fla.1996). That occurs when "an acquittal on one count negates a necessary element for conviction on another count." Id. at 733. Despite the initial appeal of the defendant's argument in this case, it did not occur.
The defendant was charged with burglary and theft. The burglary statute, section 810.02(1), Florida Statute (2001), provides, in pertinent part, that "burglary means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein...." The theft statute provides, in pertinent part, that "[a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with the intent to, either temporarily or permanently: (a) Deprive the other person of the right to the property or a benefit from the property ...." § 812.014(1)(a), Fla. Stat. (2001).
The State's theory of the case was that the defendant entered the victim's truck with the intent to steal something inside. It is not inconsistent for the jury to find the defendant guilty of burglary (entry with the intent to steal), but not guilty of theft (the defendant did not actually steal the item). This case does not present a "truly inconsistent" verdict. Thus, defense counsel's ineffectiveness did not prejudice the defendant. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
We therefore treat this appeal as one from the denial of post-conviction relief and affirm.
STEVENSON and GROSS, JJ., concur.