895 So.2d 479 (2005)
William LOUBERTI, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-4855.
District Court of Appeal of Florida, Fourth District.
February 9, 2005.
Rehearing Denied March 22, 2005.
*480 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was charged with organized scheme to defraud and two counts of grand theft. The grand theft charges were based on the same thefts which were elements of the organized scheme to defraud. Although he was convicted of organized scheme to defraud, his acquittal by the jury of the two counts of grand theft requires reversal of the conviction.
The organized scheme to defraud was alleged to have occurred between February 1 and October 31, 1999. It was based on appellant having obtained money from two different victims with the agreement that they would become partners in his business and share the profits. There was evidence from which the jury could have found that appellant did not use the money as he represented he would, and each victim was out the money. The jury found appellant guilty of organized scheme to defraud, but not guilty on the two counts of grand theft on which the organized scheme to defraud was based.
The crime of scheme to defraud is defined in section 817.034(3)(d), Florida Statutes (1999):
[A] systematic ongoing course of conduct with the intent to defraud one or more persons, or with the intent to obtain property from one or more persons by false or fraudulent pretenses, representations, or promises or willful misrepresentations of a future act.
The crime of "organized fraud" occurs where a person "engages in a scheme to defraud and obtains property." § 817.034(4)(a). Where the value of the property is over twenty thousand dollars but less than fifty thousand dollars, organized fraud is a second degree felony. § 817.034(4)(a)2.
The elements of theft, section 812.01, Florida Statutes (1999), are included in the elements of organized fraud. As the fifth district explained in Donovan v. State, 572 So.2d 522, 526 (Fla. 5th DCA 1990):
The offense of organized fraud, then, has these elements: (1) Engaging in or furthering a systematic, ongoing course of conduct (2) with (a) intent to defraud, or (b) intent to obtain property by false or fraudulent pretenses, representations, or promises, or willful misrepresentations of a future act, (3) resulting in temporarily or permanently depriving any person *481 of the right to property or a benefit therefrom, or appropriating the property to one's own use or to the use of another person not entitled thereto.
The elements of theft, section 812.014, are (1) knowingly (2) obtaining or using, or endeavoring to obtain or use, property of another (3) with intent to deprive the person of a right to the property or a benefit therefrom, or to appropriate the property to one's own use or to the use of any person not entitled thereto.
The elements of theft are all included in the elements of organized fraud even though identical terminology is not used in the two statutes. One cannot be convicted of both organized fraud and theft for the same act without a double jeopardy violation.
Appellant argues that, because grand theft is an element of organized scheme to defraud, the acquittals of grand theft require us to reverse the conviction because of inconsistency. Mahaun v. State, 377 So.2d 1158 (Fla.1979) (verdict of guilty as to felony-murder set aside as inconsistent where jury found defendant not guilty of the underlying felony); Redondo v. State, 403 So.2d 954 (Fla.1981) (unlawful possession of a firearm during a commission of felony set aside as inconsistent where jury found defendant not guilty of any felony).
In Everett v. State, 831 So.2d 738 (Fla. 4th DCA 2002), the defendant was charged with exploitation of an elderly person and grand theft, which were based on the same facts. He was convicted of exploitation, but was acquitted of the grand theft charge. We reversed his conviction because all of the elements of grand theft were included in the exploitation charge and comprised an element of the crime of exploitation of an elderly person.
The state has not cited any cases which would support its position that this is not the type of inconsistent verdict requiring reversal, but does make two arguments which we briefly address.
First, the state argues that an inconsistent verdict must be objected to before the jury is discharged so that the court can "re-instruct the jury and send it back for further deliberations." Although this is required in civil cases, the state has not cited any criminal cases supporting this argument. Once the jury acquitted appellant of the grand theft charges, double jeopardy would have precluded the jury from reconsidering those charges. Accordingly, an objection would have served no purpose that we can discern from the state's argument.
The state also argues that the issue was not preserved because appellant's post-trial motion attacking the verdict was not made within ten days as is required by Florida Rule of Criminal Procedure 3.590(a). Immediately after the jury returned its verdict, defense counsel asked for ten days to file a post-trial motion. The court responded by giving him thirty days, and the written motion was filed beyond the ten day period. The ten-day period is not subject to extension by the trial court. State v. Bodden, 756 So.2d 1111 (Fla. 3d DCA 2000).
Failing to timely file a motion for new trial is ineffective assistance of defense counsel. Bodden. And because this is an inconsistent verdict requiring reversal, the prejudice requirement of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is satisfied. There is accordingly no reason not to find ineffective assistance of counsel on this direct appeal. We accordingly do so and reverse the conviction of organized scheme to defraud.
The state argues that our reversal should be for a new trial on organized scheme to defraud; however, we agree *482 with appellant that the acquittals of grand theft would preclude such a new trial because it would constitute double jeopardy. Reversed.
MAY, J., and BLANC, PETER D., Associate Judge, concur.