SILBERMAN, Judge.
A jury convicted Teodoro Pablo-Ramirez of sexual battery on a victim under twelve and child abuse after the State presented evidence that Ramirez impregnated his wife’s sister when she was eleven years old. The State seeks review of the order which granted Pablo-Ramirez’s motion for new trial. In the order, the trial judge stated that a predecessor judge “erred as a matter of law” in denying Pablo-Ramirez’s motion to suppress. We reverse because the trial judge exceeded his authority by conducting what amounts to an appellate review of a predecessor judge’s ruling and overturning the predecessor judge’s decision.
The charges against Pablo-Ramirez arose after it was discovered that a newly-enrolled student at a middle school had a two-year-old child. The fourteen-year-old student provided the police with information that led them to Pablo-Ramirez, who was then thirty years old. When the police interviewed Pablo-Ramirez, who is from Guatemala, one officer asked questions in English and another officer translated into Spanish. Pablo-Ramirez waived his Miranda[1] rights and gave a statement in which he confessed to the charged crimes.
Prior to trial, Pablo-Ramirez filed a motion to suppress in which he argued that his confession was involuntary because he was not offered the services of an interpreter who was fluent in Pablo-Ramirez’s Guatemalan dialect, Mam. Judge J. Rodgers Padgett conducted a hearing on the motion to suppress. Although Pablo-Ramirez testified through a Spanish interpreter at the hearing, he claimed that he did not understand his Miranda rights when they were read to him in Spanish. He said he understood some things that were said to him in the interview, but he did not understand others. He also could not read or write in Spanish.
Deputy Vasquez testified that Pablo-Ramirez gave no indication that he did not understand his Miranda rights. Deputy Vasquez explained that he questioned Pablo-Ramirez in Spanish and asked questions posed in English by Detective Bashner, who did not speak or understand *490 Spanish. Deputy Vasquez was aware that Pablo-Ramirez was from Guatemala, and the deputy sometimes had to use different words to explain certain questions. Both Deputy Vasquez and Detective Bashner testified that Pablo-Ramirez otherwise responded appropriately to the questions without indicating that he did not understand.
Gloria Munoz, the interpreter who transcribed the interview, also testified that Pablo-Ramirez answered the questions asked of him and could understand Spanish. Although portions of the recorded interview were unintelligible, Munoz explained this was due to the quality of the recording and not the difference in dialects.
Judge Padgett denied the motion to suppress based on his determination that Pablo-Ramirez understood the interview questions and gave logical answers. Judge Padgett made an express credibility determination that Deputy Vasquez and Detective Bashner were more believable than Pablo-Ramirez.
Judge Wayne S. Timmerman conducted the trial in this case, and it appears that a Spanish interpreter was used at trial. The State adduced testimony similar to that presented at the suppression hearing. Pablo-Ramirez’s interview with the police was played for the jury, but Pablo-Ramirez did not testify. The trial judge questioned Pablo-Ramirez regarding his waiver of his right to testify. Pablo-Ramirez indicated that he spoke another dialect and did not “understand the laws here.” The judge noted that Pablo-Ramirez appeared to understand what the judge had said. Pablo-Ramirez stated, “Well, I am realizing now that it is different. My country you can get together with someone like that. You can get married at a young age but now I am realizing that things are different.” Pablo-Ramirez then confirmed that he did not want to testify.
After the jury found Pablo-Ramirez guilty and the court imposed the mandatory life sentence, Pablo-Ramirez timely filed a motion for new trial. Several months later, the trial judge conducted a hearing to determine whether Pablo-Ramirez was competent.[2] At this hearing, the judge repeatedly expressed his concern about whether Pablo-Ramirez understood that he had committed a crime by having sexual relations with an eleven-year-old. The judge noted that the victim had left for Guatemala and refused to come back. He also expressed concern because Pablo-Ramirez had rejected a ten-year plea deal and was ultimately sentenced to a mandatory term of life in prison. Judge Timmerman explained,
I have this abiding feeling that this man then and now really has no comprehension of [sic] because of cultural difference and linguistic and lack of education, did not comprehend that he was in the United States he was doing something that was acceptable in his country but over here he can get life in prison.
He then declared Pablo-Ramirez incompetent to proceed.
A week after this ruling, Pablo-Ramirez filed another motion for new trial in which he argued that Judge Padgett erred in denying his motion to suppress. Judge Timmerman granted the motion without hearing any substantive argument or making any findings on the record except to say he had “severe issues in this case” because Pablo-Ramirez “was convicted of an offense that carries a mandatory life sentence.” The order granting the motion states in its entirety that the judge who *491 denied the motion to suppress “erred as a matter of law in finding that the defendant ‘knowingly and voluntarily waived his Miranda Warnings’ with the aid of a Spanish interpreter because the defendant is not fluent in Spanish. The defendant is fluent in MUM [sic] which is a unique dialect and would require a special interpreter.”
On appeal, the State argues that Judge Timmerman erred in granting a new trial on this basis. The State claims that the motion for new trial was untimely and that Judge Padgett had properly denied Pablo-Ramirez’s motion to suppress. We reject the first argument, but we reverse as to the second.

Timeliness

The jury rendered its verdict on February 24, 2009, and Pablo-Ramirez filed a timely motion for new trial on March 4, 2009. See Fla. R. Crim. P. 3.590(a) (providing that a motion for new trial may be made within ten days of the jury’s verdict). The motion did not have a notice of hearing attached, and a hearing was never scheduled on it. On September 21, 2009, Pablo-Ramirez filed a second motion for new trial with an attached notice of hearing, and the motion was ultimately heard and granted by the court.
The State argues that Pablo-Ramirez’s first motion was abandoned because it was not filed with a notice of hearing. Because the second motion was filed well beyond the ten-day time limitation, the State argues that it was untimely and the court was without jurisdiction to rule on the motion. In support of its argument, the State cites to Hillsborough County Administrative Order S-2009-119, which provides, in pertinent part, “Except for demands for speedy trial and motions for discharge, all motions will have a notice of hearing attached concerning the scheduled hearing time. If a motion does not have an attached notice of hearing, the motion will be deemed abandoned and the clerk will not calendar it.”
Our record does not contain the original motion for new trial, and the parties do not address whether the second motion was materially different from the original motion. It does not appear that the State argued to the trial court that Pablo-Ramirez had abandoned his original motion for new trial or that the trial court lacked jurisdiction to consider whether to grant a new trial. Further, other than relying on the requirements of the administrative order regarding a notice of hearing, the State has not cited any authority in support of its argument on appeal that the trial court was divested of jurisdiction in this case.
We are mindful that the time period for filing a motion for new trial is jurisdictional and that the trial court does not have the power to hear an untimely motion for new trial. See Porter v. State, 749 So.2d 514, 515 n. 1 (Fla. 2d DCA 1999). Here, however, Pablo-Ramirez’s original motion for new trial timely invoked the court’s jurisdiction. While Administrative Order S-2009-119 authorized the clerk’s failure to calendar the motion for a hearing because a notice of hearing was not attached to the motion, we conclude that the failure to attach the notice of hearing to the original motion did not divest the trial court of jurisdiction.

Merits

A trial court has the inherent power to reconsider its previous ruling on a motion to suppress even after the jury has returned its verdict, and there is no requirement that new evidence be adduced to support the ruling. State v. Graham, 721 So.2d 361, 362 (Fla. 4th DCA 1998) (citing Savoie v. State, 422 So.2d 308, 312 (Fla.1982)). Further, there is authority *492 for the proposition that a successor judge may vacate or modify a predecessor’s interlocutory rulings. See, e.g., Hull & Company, Inc. v. Thomas, 834 So.2d 904, 906 (Fla. 4th DCA 2003). However, regarding motions to suppress, a successor judge is permitted to reconsider the interlocutory ruling of a predecessor judge denying the motion, but such reconsideration must be based on evidence adduced before the successor judge. See, e.g., Brinkley v. State, 898 So.2d 1175, 1176 (Fla. 2d DCA 2005) (“ ‘[T]he existing law of Florida is that a successor judge may not enter an order or judgment based upon evidence heard by the predecessor.’ ” (quoting Beattie v. Beattie, 536 So.2d 1078, 1079 (Fla. 4th DCA 1988))).
In this case, Judge Padgett denied Pablo-Ramirez’s suppression motion after a pretrial evidentiary hearing. Judge Timmerman, the successor judge, conducted the trial of the case, heard evidence pertaining to the suppression issue, and observed Pablo-Ramirez’s language abilities at trial. Thus, the trial judge could have reconsidered Pablo-Ramirez’s motion to suppress based on the evidence adduced at trial. However, he did not do so. Instead, he granted Pablo-Ramirez’s motion for new trial, indicating that Judge Pad-gett “erred as a matter of law in finding that the defendant ‘knowingly and voluntarily waived his Miranda Warnings.’ ”
In so ruling, the successor judge exceeded his authority by conducting something akin to an appellate review of the prior judge’s ruling. Because the successor judge simply did not have the legal authority to conduct the appellate review of the earlier ruling on the motion to suppress, we reverse the order granting a new trial.
We note that the trial judge’s statements made during the competency hearing reflect a concern that due to Pablo-Ramirez’s Guatemalan heritage, he may not have appreciated that he was committing a crime by having sex with an eleven year old, which under Florida law subjects him to a life sentence. But apart from any question regarding the accuracy of Pablo-Ramirez’s self-serving assertions regarding Guatemalan culture, any cultural misunderstandings that he may have had do not bear on the voluntariness of his confession or the criminal nature of his conduct under Florida law.
Reversed.
CASANUEVA, C.J., and WHATLEY, J., Concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. It is not clear from the record what precipitated the setting of a competency hearing.