SALTER, J.
Peter Dessa appeals his conviction and sentence for robbery using a deadly weapon, asserting that the trial court erred in denying his motion for a new trial. We affirm the conviction and sentence, concluding that the trial court lacked jurisdiction to hear and consider Dessa’s motion for a new trial. As a consequence of that conclusion, Dessa will be able to raise the issues identified in his motion for a new trial — “newly-discovered evidence” relating to a co-defendant’s statements to federal law enforcement authorities regarding the armed robbery for which Dessa was charged, tried, and convicted — in a post-conviction motion under Florida Rule of Criminal Procedure 3.850.
Dessa was found guilty in a jury verdict returned April 17, 2008.[1] His motion for a new trial was filed forty-seven days later, on June 3, 2008. The motion does not set forth any particulars as to when the “new and material evidence” or alleged confession of the co-defendant were obtained.
Florida Rule of Criminal Procedure 3.590(a) specifies that a motion for new trial (in a noncapital case such as this) is to be made within ten days after the rendition of the verdict. The ten-day period “is jurisdictional in nature and, hence, cannot be extended by the parties or the trial court.” State v. Bodden, 756 So.2d 1111, 1113 (Fla. 3d DCA 2000).[2] The lack of jurisdiction in the trial court is also fatal to our jurisdiction to review the trial court’s ruling on the motion for new trial on its merits. See Daniels v. State, 712 So.2d 765 (Fla.1998).
We therefore dismiss Dessa’s appeal for lack of jurisdiction to the extent that it seeks review of the trial court’s denial of the motion for new trial, but without prejudice to his right to raise the claim of newly-discovered evidence in a separate post-conviction motion under Florida Rule of Criminal Procedure 3.850.
*1069 Affirmed in part, dismissed in part for lack of jurisdiction.

. Dessa was not sentenced, and this appeal was not commenced, until 2010, as the trial court considered Dessa’s motion For a new trial in the interim.

. In Bodden, we found the record sufficient to establish ineffective assistance of trial counsel regarding the late-filed motion for new trial, such that the claim could be raised and determined on direct review. 756 So.2d at 111 3— 14. In the case at hand, however, the record lacks sufficient detail to permit such a review.