PER CURIAM.
We affirm appellant’s convictions but remand for correction of the sentences on counts 1 and 10.
First, the trial court’s retention of jurisdiction over count 1, the attempted robbery conviction, must be stricken, since section 947.16(3), Florida Statutes (1981), which.permits retention of jurisdiction over sentences for certain enumerated offenses, does not include attempted robbery on the list of applicable offenses. See Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1979). Second, it is apparent from the colloquy at the sentencing hearing that the trial court intended that the sentences for the two sexual battery convictions run concurrently and not consecutively as shown on the written sentence on count 10. Thus, the sentence must be corrected to reflect concurrent sentences on the sexual battery convictions.
There being no merit to appellant’s remaining contentions, his convictions are affirmed.
*160 Accordingly, the judgments against appellant are affirmed, but the cause is remanded for correction of two of his sentences. Appellant need not be present for this purpose.
BOARDMAN, A.C.J., and GRIMES and DANAHY, JJ., concur.