SHIVERS, Judge.
Appellant, Hayman Brown, appeals his convictions of sexual battery with great force and burglary of a dwelling with assault and the sentences imposed thereon. Brown’s court-appointed counsel has filed a brief, stating that she is unable to make a good faith argument that reversible error occurred in the trial court, in accordance with the procedure set forth in Anders v. California, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967). Brown has failed to avail himself of leave granted to file a brief pro se. Our review, therefore, is based upon the allegations of error asserted by Brown’s trial counsel in the Statement of Judicial Acts to be Reviewed:
The court erred in the denial of Defendant’s Motion for New Trial.
The court erred in that the sentence was excessive.
The court erred in the retention of jurisdiction.
We have examined the various grounds raised in the Motion for New Trial and are unpersuaded of any error in the denial of that motion. Review of the record below fails to support any allegation of error as to the trial court’s rulings on evidentiary matters or requested jury instructions. Furthermore, there was no error in the denial of a defense motion for judgment of acquittal where the evidence, albeit circumstantial, was inconsistent with any reasonable hypothesis of innocence of crimes charged. See McArthur v. State, 351 So.2d 972, 976, n. 12 (Fla.1979).
Likewise, Brown’s contentions that the two consecutive 160 year sentences imposed upon him are excessive lack merit. The burglary offense, a first degree felony, is punishable by imprisonment for a term of years not to exceed life. § 810.02(2)(a), Florida Statutes. The sexual battery offense is a life felony punishable by life imprisonment or a term of not less than 30 years. § 775.082(3)(a), Florida Statutes (1981).[1] The 160 year terms imposed by the trial court are not in excess of the statutory máximums of life applicable to these crimes. Harmon v. State, 416 So.2d 835 (Fla. 1st DCA 1982), affirmed, 438 So.2d 369 (Fla.1983); Saname v. State, 427 So.2d 1083 (Fla. 1st DCA 1983). As these sentences imposed are consistent with the applicable statutory penalties, they will not be disturbed upon appeal.
Appellant’s final point upon appeal concerns the retention of jurisdiction during consecutive terms of incarceration and mandates remand for correction of the sentences imposed. Section 947.16(3), Florida Statutes, provides for the retention of jurisdiction of one-third of the maximum sentence imposed for certain enumerated crimes, including those of which Brown was convicted. In the event that consecutive sentences are imposed, the trial court is empowered to retain jurisdiction for one-third of the total consecutive sentences. Id. In the instant case, the trial court stated at sentencing that it was retaining jurisdiction for “the first third” of each sentence. While the court could assume jurisdiction over the first third of Brown’s total 320 year term, it was not authorized to exercise jurisdiction over the first third of Brown’s first 160 years of incarceration and then reclaim jurisdiction over the first third of the second term when it commences. Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983); Goree v. State, 411 So.2d 1352 (Fla. 3d DCA 1982). Accordingly, the trial court must correct the sentences to clarify that it retains jurisdiction over one-third of the total consecutive sentences.
Judgment affirmed; remanded for correction of sentences.
WENTWORTH and NIMMONS, JJ., concur.

. We note that the 1983 amendment to § 775.-082(3)(a), establishing a maximum sentence of 40 years, is not applicable to this crime committed prior to October 1, 1983, the effective date of that amendment.