DOWNEY, Judge.
This is a timely appeal from judgments of conviction and sentences for two counts of attempted second-degree murder and one count of shooting into an occupied vehicle. At resentencing, the trial court sentenced appellant to fifteen years’ imprisonment on each count, to be served consecutively, for a total of forty-five years’ imprisonment.
The trial court found that the intentional use of violence and the vicious manner in which the crimes were committed justified application of section 947.16(4), Florida Statutes (1985), and the retention of jurisdiction over the offender, for review of a commission release order during the first one-third of the total sentence. Accordingly, the court sentenced appellant to three fifteen-year consecutive prison terms and retained jurisdiction over the first one-third of the period.
On appeal, appellant contends the court erred in the retention of jurisdiction pursuant to section 947.16(4), because attempted second-degree murder is not one of the offenses authorizing retention of jurisdiction. Williams v. State, 374 So.2d 1086 (Fla. 2d DCA 1979), and Crotzer v. State, 425 So.2d 159 (Fla. 2d DCA 1983), are cited as authority for appellant’s position; however, they are distinguishable. It is true that attempted murder, standing alone, cannot be the basis for application of section 947.16(4); nevertheless, after delineating the specific crimes to which the statute is applicable, the legislature went on to authorize retention when the criminal episode involves “any felony involving the use of a firearm or other deadly weapon or the use of intentional violence.” For this application of the statute, see Maddox v. State, 438 So.2d 959, 960 n. 1 (Fla. 2d DCA 1983). We, therefore, hold that this record clearly supports the trial judge’s retention of jurisdiction over the first one-third of the sentence.
The sentencing forms entered on the two second-degree murder counts each indicate that jurisdiction was retained for fifteen years. Because those forms could be construed to indicate a total retention period of thirty years over the total sentence of forty-five years’ imprisonment, they should be clarified on remand. The trial court specifically expressed its intention to retain jurisdiction for the first one-third of the total forty-five-year sentence *59 on three counts in its written order retaining jurisdiction.
The judgments and sentences appealed from are affirmed as clarified.
GLICKSTEIN and WALDEN, JJ., concur.