ERVIN, Judge.
Appellant’s motion to correct sentence, which was filed pursuant to Florida Rule of Criminal Procedure 3.800(a), is meritorious for two reasons. First, the trial court erred by retaining jurisdiction over one-half, rather than one-third, of the sentences imposed upon appellant. The retention statute in effect at the time appellant was convicted and sentenced should have been applied, rather than the statute in effect at the time the offense was committed.[1] See Nazworth v. State, 473 So.2d 214 (Fla. 5th DCA 1985). Second, it was error for the trial court to retain jurisdiction over a portion of each of the consecutive sentences imposed, rather than over one-third of the total of the consecutive sentences imposed. § 947.16(3), Fla.Stat. (1983); Brown v. State, 458 So.2d 1216 (Fla. 1st DCA 1984).
The order denying appellant’s 3.800(a) motion is therefore REVERSED and the case is REMANDED to the trial court for further consistent proceedings.
SHIVERS, C.J., and NIMMONS, J, concur.

. Appellant committed the offenses charged on January 23, 1983, at which time Section 947.-16(3), Florida Statutes (Supp.1982), was in place allowing a trial judge to retain jurisdiction over one-half of the sentence imposed. However, effective June 15, 1983, the statute was amended to allow the trial judge to retain jurisdiction over one-third of the sentence imposed. § 947.16(3), Fla.Stat. (1983). The 1983 version was in effect when appellant was convicted and sentenced on September 6, 1983.