PER CURIAM.
George Mobley appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a).
In 1983, Mobley was sentenced to two separate, consecutive ninety-nine year prison sentences. The sentencing court retained jurisdiction over one-half of each of the sentences. The retention period was subsequently reduced to one-third of each sentence. Mobley now claims that the retention is illegal on two grounds. First, *1023 that the record fails to include the statutorily required written order. This ground is procedurally barred as Mobley should have raised this issue on direct appeal. See Styles v. State, 465 So.2d 1369 (Fla.2d DCA 1985).
Mobley also challenges the consecutive retention of jurisdiction and contends that his sentence is illegal based on Heath v. State, 558 So.2d 165 (Fla. 1st DCA 1990). In Heath the court held that it was error for the trial court to retain jurisdiction over a portion of each of the consecutive sentences imposed, rather than over one-third of the total of the consecutive sentences imposed citing section 947.16(3), Florida Statutes (1983).
The circuit court’s order denying the motion was written on the face of the motion. There were no attachments from the records or file to refute the appellant’s claims, nor was there any explanation in the order as to why the motion was denied. This court directed the attorney general to provide a response. A letter from the Department of Corrections is attached as an exhibit to that response. While purporting to refute the claim regarding consecutive retention periods, the letter in fact supports the appellant’s contention. It appears that the appellant’s sentence is incorrectly calculated based on the retention over a portion of each of the consecutive sentences rather than over one-third of the total of the imposed sentences.
Accordingly, we reverse the summary denial of the appellant’s motion. We remand the case to the trial court to examine the appellant’s claim regarding the consecutive retention of jurisdiction and, unless there is information contrary to the above, to enter an order correcting the appellant’s sentence in accordance with this opinion. Any aggrieved party must appeal the new order within thirty days of rendition to obtain further appellate review.
SCHOONOVER, C.J., and HALL and THREADGILL, JJ., concur.