745 So.2d 363 (1999)
Donovan A. REID, Appellant,
v.
STATE of Florida, Appellee.
No. 99-1969.
District Court of Appeal of Florida, Fourth District.
September 29, 1999.
Rehearing Denied November 19, 1999.
*364 Donovan Reid, South Bay, pro se.
No appearance required for appellee.
PER CURIAM.
We affirm the denial of postconviction relief on the ground that appellant's rehearing motion was, in reality, an amended 3.850 motion filed after the court had already denied the initial motion. As such, the motion was successive. See Fla. R.Crim. P. 3.850(f); Shaw v. State, 654 So.2d 608, 609 (Fla. 4th DCA 1995). Moreover, while the Brady claim[1] was allegedly based on newly discovered evidence, the claim was legally insufficient in that it failed to allege that the exculpatory evidence was "unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence." Fla. R.Crim. P. 3.850(b)(1); see also Jones v. State, 591 So.2d 911 (Fla.1991) (defining "newly discovered evidence" for purposes of Rule 3.850). This affirmance is without prejudice to appellant's right to file, within 30 days of the issuance of the mandate, a motion that complies with the pleading requirements of Rule 3.850 with respect to claims of newly discovered evidence. See Jones v. State, 708 So.2d 1045 (Fla. 4th DCA 1998) (affirming denial of 3.850 motion as legally insufficient under Rule 3.850(c), but without prejudice to appellant refiling a motion that complies with the requirements of the rule).
DELL, GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).