767 So.2d 1170 (2000)
Ricardo PEREZ, Petitioner,
v.
Michael W. MOORE, Secretary, Florida Department of Corrections, Respondent.
No. SC99-39.
Supreme Court of Florida.
September 7, 2000.
Ricardo Perez, Chipley, Florida, Petitioner, pro se.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Assistant Attorney General, Bureau Chief Criminal Appeals, and Christine E. Zahralban and Fredericka Sands, Assistant Attorneys General, Miami, Florida, for Respondent.
PER CURIAM.
We have for review Perez v. Moore, 746 So.2d 457 (Fla. 3d DCA 1999)(unpublished order denying relief), which cites solely to Peart v. State, 705 So.2d 1059 (Fla. 3d DCA 1998). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.; Jollie v. State, 405 So.2d 418, 420 (Fla.1981).
This Court recently held in Peart v. State, 756 So.2d 42 (Fla.2000), that a defendant *1171 may obtain postconviction relief if he or she was not advised of the immigration consequences of a plea and was prejudiced by the lack of advice. See id. at 46. Because petitioner has not expressly alleged that he is threatened with deportation pursuant to his plea, he has failed to establish a basis for relief under Peart.
The district court's decision to deny relief is therefore approved as being consistent with our decision in Peart. The instant decision is without prejudice for petitioner to file a proper claim for relief pursuant to Peart, within thirty (30) days of the issuance of the mandate in this case.[1]
It is so ordered.
SHAW, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
HARDING, J., concurs in result only.
WELLS, C.J., and QUINCE, J., dissent.
NOTES
[1] See Reid v. State, 745 So.2d 363, 364 (Fla. 4th DCA 1999)(affirming the denial of an insufficiently pled postconviction motion for relief without prejudice to appellant's right to refile a motion that complies with pleading requirements).