PER CURIAM.
Affirmed. Appellant Raul Suarez Ramirez complains that the trial court failed to advise him of the immigration consequences of his 1986 plea under rule 3.172(c)(8), Florida Rules of Criminal Procedure.[1] We affirm because Ramirez has never alleged that he was threatened with deportation, only that if he had known the repercussions, he would not have entered the plea. See Peart v. State, 756 So.2d 42, 46 (Fla.2000) (“in order for a defendant to establish a prima facie case for relief, the defendant must be threatened with deportation resulting from the plea.”); Perez v. Moore, 767 So.2d 1170, 1171 (Fla.2000) (“[b]ecause petitioner has not expressly alleged that he is threatened with deportation pursuant to his plea, he has failed to establish a basis for relief under Peart”).

. We note that such a requirement was not made effective until January 1, 1989. See In re Amendments to Florida Rules of Criminal Procedure, 536 So.2d 992, 992-94 (Fla.1988).