CASANUEVA, Judge.
Alvin King has appealed from the denial of his motion to relinquish jurisdiction pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. Mr. King contends, and the State concedes, that the trial court erred when it retained jurisdiction over one-third of each consecutive sentence imposed for his 1981 convictions rather than for one-third of the entire sentence. Accordingly, we remand this ease for correction of Mr. King’s sentence to reflect that jurisdiction is retained over one-third of the entire sentence imposed for armed robbery and attempted second-degree murder. See Mobley v. State, 590 So.2d 1022 (Fla. 2d DCA 1991); Adams v. State, 435 So.2d 953 (Fla. 2d DCA 1983).
Mr. King has also raised on this appeal an argument that the trial court’s reasons for retention of jurisdiction were inadequate. That issue, however, was not argued in the hearing on the 3.800(a) motion, and in fact Mr. King’s attorney at that hearing specifically waived any argument on that issue. Furthermore, the issue could or should have been raised on direct appeal; and on this record, which does not even contain the order retaining jurisdiction, we have no basis to conclude that the retention of jurisdiction was improper.
Remanded for correction of sentence.
SALCINES, J., and DANAHY, PAUL W., Senior Judge, concur.