864 So.2d 75 (2003)
Samuel SAPP, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3979.
District Court of Appeal of Florida, Fourth District.
December 24, 2003.
Samuel Sapp, Polk City, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and James J. Carney, Assistant *76 Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), challenging the trial court's retention of jurisdiction over one-third of each of his two consecutive sentences. This is a proper claim for relief under rule 3.800(a). See Carter v. State, 786 So.2d 1173, 1181 (Fla.2001) ("a sentence is `illegal' if it `imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances' ") (quoting Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999)). See also Kirtsey v. State, 855 So.2d 177 (Fla. 1st DCA 2003); Hernandez v. State, 825 So.2d 513 (Fla. 4th DCA 2002).
We find that appellant has stated a facially sufficient claim that his sentences are illegal, and that this is not refuted by the record.
On December 14, 1979, appellant was sentenced to 99 years in prison with credit for time served for one count of kidnaping, and to 30 years in prison for a count of sexual battery, again with credit for time served. The sentences were to run consecutively, with the court stating on each count that it would retain jurisdiction over that sentence pursuant to section 947.16, Florida Statutes. The trial court did not provide that it would retain jurisdiction over one-third of the total years imposed in the sentences on the two counts. Instead, it simply imposed the retention on each count.
We find that this violates the express language of section 947.16, Florida Statutes, and case law interpreting it. See Heath v. State, 558 So.2d 165 (Fla. 1st DCA 1990) (reversing denial of a rule 3.800(a) motion, holding that the sentencing court should have retained jurisdiction over one-third of the total of the defendant's consecutive sentences, rather than retaining jurisdiction over one-third of each of the consecutive sentences imposed). See also Famiglietti v. State, 499 So.2d 57 (Fla. 4th DCA 1986); Brown v. State, 458 So.2d 1216 (Fla. 1st DCA 1984).
To the extent that the trial court concluded that appellant was barred from raising his sentencing challenge because he had made other challenges to the retention of jurisdiction on appeal and in other post-conviction motions, we find that the court erred because this precise issue was not raised before.
Accordingly, we reverse the summary denial of appellant's rule 3.800(a) motion, and remand to the trial court for further consideration of appellant's claim on its merits. Unless there is record information refuting appellant's claim, the trial court shall grant relief and correct or clarify appellant's sentences in accordance with this opinion and the authorities cited herein.
FARMER, C.J., GUNTHER and POLEN, JJ., concur.