PER CURIAM.
We affirm the trial court’s denial of appellant’s motion for postconviction relief. He claims newly discovered evidence that his plea agreement to violation of probation was breached when the court later found him to be a sexual predator, several years after his sentencing for violation of probation. His original plea agreement, which resulted in probation, provided for designation as a sexual offender. However, when he violated the terms of his probation, the trial court was free to impose any sentence which it could have lawfully imposed before placing him on probation. See Aponte v. State, 810 So.2d 1008, 1010 (Fla. 4th DCA 2002) (“The events which bring about a revocation open a new chapter in which the court ought to be able to mete out any punishment within the limits prescribed for the crime.”). Appellant’s original crimes occurred prior to October 1, 1995, and section 775.21, et. seq., Florida Statutes (1993), required his designation as a sexual predator based on his qualifying convictions, without the necessity of an evidentiary hearing. See § 775.23, Fla. Stat. (1993). Therefore, we agree with the trial court that he has not alleged any legally sufficient ground for relief.
In a motion for rehearing in the trial court, he also raises a claim of affirmative misadvice. This claim cannot be entertained for the first time on rehearing. Even if we thought that he could state such a claim, it would be barred as successive if it were treated as a new motion. See Reid v. State, 745 So.2d 363 (Fla. 4th DCA 1999).
STEVENSON, C.J., STONE and WARNER, JJ., concur.