PER CURIAM.
 

 Ruben Ayala-Laies (Defendant) appeals an order summarily denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, and the order entered September 3, 2008, denying his motion for rehearing. We affirm in part and reverse in part.
 

 Defendant was sentenced on July 29, 1983, to sixty-five years in prison. While his direct appeal was pending, in an order dated August 31, 1983, nunc pro tunc to July 29, 1983, the trial court issued an order retaining jurisdiction, in accordance with section 947.16(3), for the first one-half of Defendant’s sentence.
 

 In the instant rule 3.800(a) motion, Defendant challenged the retention of jurisdiction for three reasons. First, he claimed that at the time the order was entered, jurisdiction had vested in the appellate court; second, he claimed it violated double jeopardy, because it increased his punishment after he already had begun serving a lawful sentence; and third, effective July 15, 1983, the version of the statute in effect at the time of sentencing allowed a court to retain jurisdiction only for the first one-third of a sentence,
 
 see
 
 ch. 83-131, § 9, at 443-45, Laws of Fla.
 

 The first two grounds for relief were refuted by the written sentence issued at sentencing, which the state attached to its response, which established that the retention of jurisdiction for half of Defendant’s sentence was imposed in writing at the same time as the imposition of the sentence. We therefore affirm the first two grounds and focus on the third ground for relief.
 

 The trial court’s denial was based on the reasons given in the state’s response, which generally relied on
 
 Wright v. State,
 
 911 So.2d 81 (Fla.2005), in which the supreme court held that the failure to file written reasons for retaining jurisdiction over a sentence is not cognizable in a rule 3.800(a) motion, analogizing to the failure to provide reasons for departure from the guidelines. The state took the position that Defendant’s claim that the retention of jurisdiction was illegal was not one that could properly be raised in a rule 3.800(a) motion, because it did not challenge the legality of the sentence itself, but challenged only the trial court’s authority to impose a lawful condition.
 

 However, this condition is one that affects when Defendant may be released on parole; it therefore may have a direct effect on the length of his sentence. We conclude that the issue of whether the sentencing court had the lawful authority to impose the condition differs from whether it followed the proper procedure in imposing it, such as timely filing reasons for retention as in
 
 Wright.
 

 The retention of jurisdiction is based on the statute in effect at the time of
 
 *246
 
 sentencing, not at the time the offense was committed.
 
 Mills v. State,
 
 462 So.2d 1075 (Fla.1985);
 
 Barnhill v. State,
 
 788 So.2d 313, 315 (Fla. 5th DCA 2001);
 
 Nazworth v. State,
 
 473 So.2d 214, 215 & n. 1 (Fla. 5th DCA 1985).
 

 There is authority that this ground can be raised in a rule 3.800(a) motion.
 
 Heath v. State,
 
 558 So.2d 165 (Fla. 1st DCA 1990) (reversing denial of rule 3.800(a) motion, challenging the retention of jurisdiction for one-half rather than one-third of the defendant’s sentence, where the statute in effect at the time of conviction and sentence should have been applied, rather than the statute in effect at the time of the offense).
 

 This court cited
 
 Heath
 
 in
 
 Sapp v. State,
 
 864 So.2d 75 (Fla. 4th DCA 2003), in which this court reversed the denial of a rule 3.800(a) motion challenging the trial court’s retaining jurisdiction over one-third of each of his two consecutive sentences, instead of one-third of the total years imposed by the sentence, as provided in the statute. In so doing, this court specifically found the ground to be a proper claim for relief under rule 3.800(a), citing
 
 Carter v. State,
 
 786 So.2d 1173, 1181 (Fla.2001) (“a sentence is ‘illegal’ if it ‘imposes a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances’ ”) (quoting
 
 Blakley v. State,
 
 746 So.2d 1182, 1187 (Fla. 4th DCA 1999)).
 
 Id.
 
 at 75. There is no indication that
 
 Sapp
 
 is no longer good law after
 
 Wright,
 
 which addressed the process involved in imposing a legal sentencing, rather than the trial court’s authority to impose a certain kind of sentence.
 

 As it appears no judge under any set of facts could have imposed the retention of jurisdiction for one-half of Defendant’s sentence at the time he was sentenced, we reverse the summary denial of ground three and remand for further proceedings.
 

 We also note that, in his motion
 
 for
 
 rehearing, Defendant alleged that the transcript of his sentencing hearing would reveal that the trial court failed to orally announce its intention to retain jurisdiction over his sentence, and because the oral pronouncement controls over the written orders, it could not do so in the written sentence, citing
 
 Williams v. State,
 
 957 So.2d 600 (Fla.2007). Defendant did not attach a transcript of his sentencing hearing to his motion for rehearing.
 

 The trial court denied the motion for rehearing without addressing the merits of this essentially new ground for relief; the state was not asked to address it below and has not done so in this court either.
 

 It is true that a new ground cannot be raised in a motion for rehearing after the summary denial of a rule 3.850 motion; a motion for rehearing which, in effect, is an amended motion filed after the court already denied the initial motion is subject to being denied as successive.
 
 Reid v. State,
 
 745 So.2d 363 (Fla. 4th DCA 1999). However, successive motions are not proscribed by rule 3.800(a), so long as review is not precluded by the law of the case or collateral estoppel.
 
 See State v. McBride,
 
 848 So.2d 287 (Fla.2003).
 

 In
 
 Williams,
 
 the supreme court held that a claim asserting a discrepancy between an oral and a written sentence is cognizable in a rule 3.800(a) proceeding, as a written sentence that conflicts with the oral pronouncement is an illegal sentence, since the oral pronouncement controls and is the legal sentence.
 
 Id.
 
 at 603. It explained that the oral pronouncement should be considered a part of the official record if the transcript is in the court file or the defendant attaches a certified copy of it to the motion; otherwise, the motion
 
 *247
 
 should be denied without prejudice to filing an amended motion attaching the transcript.
 
 Id.
 
 at 604.
 

 If the sentencing court did not orally announce an intention to retain jurisdiction for a portion of Defendant’s sentence, it could not impose that condition in writing.
 
 Beal v. State,
 
 478 So.2d 401 (Fla. 2d DCA 1985) (on direct appeal);
 
 Yates v. State,
 
 429 So.2d 815 (Fla. 2d DCA 1983) (same).
 

 The trial court should address the merits of this ground on remand if the sentencing transcript is in the court file; if not, the ground should be denied without prejudice to Defendant’s filing an amended motion attaching the transcript.
 
 Williams.
 

 Affirmed in part, Reversed in part, and Remanded for further proceedings.
 

 POLEN, TAYLOR and HAZOURI, JJ„ concur.