GERBER, J.
The issue presented is whether the circuit court erred by denying the defendant’s motion to withdraw his plea. We find that the court did not err primarily because the record conclusively refutes the defendant’s allegation that his plea was involuntary. Therefore, we affirm.
The state charged the defendant with possession of marijuana in an amount exceeding twenty grams. The probable cause affidavit alleged that when the police stopped the defendant’s vehicle, the police found the defendant smoking a marijuana cigarette while in possession of over twenty grams of marijuana.
At a hearing, the defendant notified the court that he wished to plead no contest and accept the state’s offer of a withhold of adjudication and eighteen months of. probation. The defendant asked the court if it would accept, the plea agreement. The court responded, “I’m not going to agree to withheld (sic).... I don’t have a problem with no jail time today, but he definitely is going to be adjudicated guilty.... He will lose his driver’s license for two years.” The defendant replied, “That’s fine.” After the court conducted a plea colloquy, the defendant entered his no contest plea. The court then stated, “He is going to be adjudicated guilty. He is going to lose his driver’s license privilege for two years.” The court then ordered one year of probation with the conditions that the defendant not use alcohol or illegal drugs and that the defendant be tested for alcohol and drugs. The following exchange then occurred:
DEFENDANT: Your Honor ... [considering that I use my vehicle to run my business, is there any way I could—
THE COURT: You shouldn’t be driving a vehicle. I’m sorry. Have someone drive you there.
DEFENDANT: I understand.
THE COURT: Last thing I want you to do is lose your license, but when you have the nerve to be smoking dope and driving, that’s a no, no.
Within thirty days after rendition of the sentence, the defendant filed a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(Z), which states:
A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(A)(ii)(a)-(e) except as provided by law.
*1210 The ground upon which the defendant sought to withdraw his plea was that his plea was involuntary, as specified in rule 9.140(b)(2)(A)(ii)c. The motion explained, in pertinent part:
... As a result of his plea, [the defendant’s] license was suspended and [the defendant] has been unable to procure a hardship license.
[The defendant] claims that his plea ... was not knowingly and voluntarily entered in that he did not understand the “direct” consequences of entering a plea to the charge of Felony Possession of Marijuana. [The defendant] would like an opportunity to further explain to the Court that he was unaware of the parameters of the driver’s license suspension that occurred as a result of his plea. Based on [the defendant’s] assertions, attorneys from the Public Defender’s office would likely become witnesses in the hearing on [the defendant’s] Motion to Withdraw his Plea.
Therefore, [the defendant] requests that this Court enter an Order removing the Public Defender’s office from representing him and enter an Order setting this Motion to Withdraw Plea for hearing.
The record does not indicate that the circuit court ever set the motion for hearing. Instead, the next action in the record occurred two months later, when the court entered an order granting in part the defendant’s motion to modify his probation. After that order, the next action in the record occurred six months later, when the court entered an order granting the defendant’s motion to terminate his probation. Ten months after that order, the defendant filed a pro se notice of appeal of his judgment and sentence. This court dismissed that appeal as untimely.
Six months later, the circuit court entered a written order denying the defendant’s motion to withdraw plea. The record does not indicate how the court came to review the motion at that time. In any event, the court did not refer to the plea hearing as its basis for denying the motion. Instead, the court referred to the facts that, after filing the motion, the defendant obtained a modification of his probation, obtained the termination of his probation, and then filed an appeal which this court dismissed. The circuit court also noted that “[t]he case and sentence are closed and over.” These facts led the court to find that the defendant “waived or abandoned his motion and, further, the motion is moot.”
This appeal followed. The defendant argues that the court erred by summarily denying his motion. He argues more specifically that an evidentiary hearing is required to determine if his counsel affirmatively misadvised him regarding the license suspension. As for the circuit court’s findings that the defendant waived or abandoned his motion and that the motion was moot, the defendant responds merely by way of a footnote at the end of his brief. In the footnote, the defendant states:
The filing of a notice of appeal before a ruling is rendered on a motion to withdraw a plea filed under rule 3.170(0 does not waive or abandon the motion. [See] Fla. R. App. P. 9.020(h). Although [the defendant’s] term of probation expired before his motion was ruled upon, because his plea resulted in a felony conviction and the motion was addressed to the conviction, not the sentence, it cannot be said that his motion was moot.
We review the circuit court’s denial of the motion to withdraw plea for abuse of discretion. See Johnson v. State, 971 So.2d 212, 214 (Fla. 4th DCA 2008) (“Denial of a motion to withdraw plea is reviewed for abuse of discretion.”).
*1211 The record is insufficient to allow us to determine whether the circuit court abused its discretion in finding that the defendant waived or abandoned his motion to withdraw plea. The record does not contain the motions or transcripts of the hearings which led the court to modify and later terminate the defendant’s probation. Thus, we do not know whether the defendant, at either of those hearings, notified the court that he was waiving or abandoning his motion to withdraw plea. Conversely, we are not prepared to say that the defendant’s motions to modify and later terminate his probation automatically should be deemed as waivers or abandonment of his motion to withdraw plea.
We agree with the defendant that the circuit court should not have deemed his filing of a notice of appeal as a waiver or abandonment of his motion to withdraw plea. See Fla. R. App. P. 9.020(h)(3) (2009) (“[A] motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt.”). We also agree with the defendant that the court should not have found the motion to be moot because “[t]he case and sentence are closed and over.” Because the conviction remains on the defendant’s record, the motion was not moot.
Given the possibility that the circuit court erred in its findings, we have reviewed the record to determine whether there is any other theory or principle of law in the record which would support the ruling. See Robertson v. State, 829 So.2d 901, 906 (Fla.2002) (“ ‘[E]ven though a trial court’s ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling.’”) (citation and emphasis omitted).
We find that there are three theories or principles of law which support the ruling. First, at the time the defendant entered the plea, our supreme court had held that neither defense counsel nor a trial court was required to inform a defendant about mandatory license suspension or revocation before entry of a plea because such actions are not punishment and therefore not direct consequences of a plea. Bolware v. State, 995 So.2d 268, 275-76 (Fla.2008). Although the court in Bolware went on to direct that Florida Rule of Criminal Procedure 3.172 be amended to require that a trial court inform a defendant that a plea may result in mandatory license suspension or revocation, that amendment was to apply only 'prospectively. 995 So.2d at 276.
Second, even if a trial court had been required to inform a defendant about mandatory license suspension before entry of a plea, the record here conclusively shows that the court provided such information. The court told the defendant that if he entered a plea, he “will lose his driver’s license for two years.” The defendant replied “[tjhat’s fine” and entered his plea. After the defendant entered his plea, the court immediately stated, “He is going to lose his driver’s license privilege for two years.” The defendant then asked “is there any way I could [drive a vehicle]?” The court responded, “You shouldn’t be driving a vehicle. I’m sorry. Have someone drive you there.” The defendant replied, “I understand.” A defendant is bound by his sworn answers during a plea colloquy. Iacono v. State, 930 So.2d 829, 831 (Fla. 4th DCA 2006). Because these record excerpts conclusively show that the defendant is entitled to no relief, the court was not required to conduct an evidentiary hearing on the defendant’s motion to withdraw plea. See Nelfrard v. State, 34 So.3d 221, 222-23 (Fla. 4th DCA 2010) (“When a defendant files a facially sufficient motion to withdraw plea under rule 3.170(/,), due process requires a hearing unless the record conclusively shows the defendant is entitled to no relief.”).
*1212 Third, the defendant’s argument in this appeal regarding affirmative misad-vice was unpreserved in the circuit court. The defendant did not expressly allege affirmative misadvice in his motion to withdraw plea and has yet to allege what that affirmative misadvice was. In Bach v. State, 953 So.2d 22 (Fla. 4th DCA 2007), we held that a claim of affirmative misad-vice cannot be entertained for the first time on a motion for rehearing in the trial court. Id. at 23. Logically, such a claim cannot be entertained for the first time on appeal either. Although the defendant may claim that his motion’s request to remove his counsel was intended to suggest affirmative misadvice, we believe that such a request also could apply to an omission of advice, which Bolware held was not a cognizable basis for relief. 995 So.2d at 275-76.
For the foregoing reasons, we affirm the circuit court’s denial of the defendant’s motion to withdraw plea.

Affirmed.

GROSS, C.J., and TAYLOR, J., concur.