SUAREZ, J.
The State of Florida appeals from the trial court’s grant of Jonathan Aiden’s motion to withdraw his plea and vacate his conviction. We affirm.
In June 2010, Aiden pled guilty to driving as a habitual traffic offender in violation of Section 322.34(5), Florida Statutes (2010).[1] He testified that he pled pursuant to advice from the public defender. The trial court accepted his plea of guilty, adjudicated him and sentenced him to credit for time served. One year later, Aiden made an oral in-court motion to withdraw his plea. He asserts that as a result of the 2010 plea, he has been unable to get a driver’s license.[2] The record indicates that at the time of the 2010 plea, there were other valid reasons for his license suspension, including a habitual traffic offender revocation dating from 2007.
Prior to Aiden’s plea in 2010, Bolware v. State, 995 So.2d 268 (Fla.2008), held that *265 license suspension/revocation was a collateral consequence of a plea and that neither the court nor counsel were required to so advise the defendant. The Court also recognized the seriousness of this hardship and the following year, added license suspension/revocation to the plea advisements required by Florida Rule of Criminal Procedure 3.172. In In re Amendments to Florida Rules of Criminal Procedure 3.172 & 3.985 & Amendments to Florida Rule of Civil Procedure 1.985, 20 So.3d 376 (Fla.2009) (effective Oct. 1, 2009), the Court stated:
The proposed amendment to rule 3.172 derived from this Court’s decision in Bolware v. State, 995 So.2d 268 (Fla.2008), where we concluded that, while not a direct consequence of a guilty plea or plea of nolo contendere, the suspension or revocation of a driver’s license constitutes such a serious consequence that a defendant should be informed of it pursuant to rule. We adopt the Committee’s proposal with minor modification, thus amending rule 3.172(c) to require, pursuant to subdivision (10), that the trial judge determine whether the defendant understands that if the defendant pleads guilty or nolo contendere and the offense to which the defendant is pleading is one for which automatic, mandatory driver’s license suspension or revocation is required by law to be imposed (either by the court or by a separate agency), the plea will provide the basis for the suspension or revocation of the defendant’s driver’s license.
[e.s.]
In Thompson v. State, 50 So.3d 1208, 1211 (Fla. 4th DCA 2010), the court explained application of the amendment to rule 3.172(a)10:
First, at the time the defendant entered the plea, our Supreme Court had held that neither defense counsel nor a trial court was required to inform a defendant about mandatory license suspension or revocation before entry of a plea, because such actions are not punishment and therefore not direct consequences of a plea. Bolware v. State, 995 So.2d 268, 275-76 (Fla.2008). Although the court in Bolware went on to direct that Florida Rule of Criminal Procedure 3.172 be amended to require that a trial court inform a defendant that a plea may result in mandatory license suspension or revocation, that amendment was to apply only prospectively. 995 So.2d at 276.
Second, even if a trial court had been required to inform a defendant about mandatory license suspension before entry of a plea, the record here conclusively shows that the court provided such information. The court told the defendant that if he entered a plea, he “will lose his driver’s license for two years.” The defendant replied “[t]hat’s fine” and entered his plea. After the defendant entered his plea, the court immediately stated, “He is going to lose his driver’s license privilege for two years.” The defendant then asked “is there any way I could [drive a vehicle]?” The court responded, “You shouldn’t be driving a vehicle. I’m sorry. Have someone drive you there.” The defendant replied, “I understand.” A defendant is bound by his sworn answers during a plea colloquy. Iacono v. State, 930 So.2d 829, 831 (Fla. 4th DCA 2006).
The record in Aiden’s case is devoid of any showing that the trial court so advised Aiden during the 2010 plea colloquy, as required by the rule in effect at the time of Aiden’s plea. This supports Ai-den’s claim on appeal that he was not properly advised by the trial court that one of the consequences of his plea might be ineligibility for a driver’s license. For this reason, the trial court correctly grant *266 ed Aiden’s motion to withdraw his 2010 plea and vacated that conviction.
By affirming the trial court, the impediment to obtaining either a driver’s license or a hardship license that might have been directly attributed to the 2010 plea and conviction has been eliminated. Whatever ineligibility remains to Aiden can now only relate to Aiden’s other “multiple reasons” in his driving record, regardless of counsel’s advice or omission, which is now moot. Furthermore, withdrawing the plea and vacating the conviction may have no effect on Aiden’s inability to get a hardship license. Case law indicates that unavailability of a hardship license (as opposed to a driver’s license) is not a criminal punishment, but a civil regulatory remedy within the discretion of the Florida Department of Highway Safety and Motor Vehicles. See § 322.271, Fla. Stat. (2008) (suspension, cancellation, revocation of driving privileges and administrative remedies). See also Lescher v. Dep’t of Highway Safety & Motor Vehicles, 985 So.2d 1078 (Fla.2008) (holding that statutory amendment eliminating hardship licenses for drivers permanently revoked did not impose criminal punishment, was related to regulatory purpose, and loss of driving privilege was not an affirmative disability); Dep’t of Highway Safety & Motor Vehicles v. Fountain, 883 So.2d 300 (Fla. 1st DCA 2004) (holding that it is within the Department’s discretion to decide whether to reinstate the license of a petitioner who meets statutorily specified requirements).
Affirmed.

. Any person whose driver's license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. The record is unclear whether this refers to eligibility for a driver's license or for a hardship license.