DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE BERROCALES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-476

[January 30, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Usan, Judge; L.T. Case No. 15-006876CF10A.

Brion Ross and Karl A. Forrest of Brion Ross Law Group, LLC, Fort Lauderdale and Michael A. Catalano of Michael A. Catalano, P.A., Miami, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Paul Patti, III, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Jose Berrocales appeals the trial court's denial of his post-sentencing motion to withdraw his plea without holding an evidentiary hearing. Appellant contended, among other things, that his plea was involuntary because neither the trial court nor his counsel informed him that the plea would result in a mandatory driver's license revocation. Because the record does not conclusively refute the allegation that he was not informed of the mandatory license revocation before his plea, we reverse and remand for an evidentiary hearing.

In 2015, appellant rear-ended another person's car, and that person became paralyzed. The state charged appellant with alcohol-related driving offenses arising from the accident. During a change of plea colloquy, the trial court informed appellant that his driver's license may be suspended "for additional periods" if he was pleading to a drug offense. The court said nothing about any other type of revocation.

After appellant pled guilty, the prosecutor requested the court to

permanently revoke appellant's license and noted that the statutory minimum revocation was for three years. The court sentenced appellant to sixty months in prison and to twelve months of consecutive probation, and it revoked his license for twenty years. Appellant later moved to withdraw his plea. He argued that neither his attorney nor the court informed him that a conviction of DUI involving serious bodily injury to another under section 316.193(3)(c)2., Florida Statutes (2015), required the court to revoke his driver's license for a minimum of three years under section 322.28(4)(a), Florida Statutes.

We review a trial court's denial of a motion to withdraw plea for an abuse of discretion. *See Woodly v. State*, 937 So. 2d 193, 196 (Fla. 4th DCA 2006). "Where a defendant files a facially sufficient motion to withdraw his plea, he is entitled to an evidentiary hearing on the issue unless the record conclusively refutes his allegations." *Id.* When a defendant's motion is post-sentencing, he or she "must demonstrate a manifest injustice requiring correction in order to withdraw a plea." *Griffin v. State*, 114 So. 3d 890, 897 (Fla. 2013).

Under Florida Rule of Criminal Procedure 3.172(c)(10) (2017), when a trial court is determining whether a defendant is voluntarily pleading guilty to an offense which requires an "automatic, mandatory driver license suspension or revocation . . . to be imposed," the court must "provide the basis for the suspension or revocation of the defendant's driver license." The state relies on *Bolware v. State*, 995 So. 2d 268, 272-73 (Fla. 2008), but that case does not control because it was decided prior to the amendment to rule 3.172(c) to add subsection (10). The amendment was added at the direction of the supreme court in *Bolware* because a license revocation "is such a serious consequence that a defendant should be informed of it." *Id.* at 276. As amended, rule 3.172(c)(10) requires a trial court to inform a defendant about a mandatory license suspension to ensure that the plea is voluntarily entered.

Although the prosecutor made reference after the plea colloquy to a mandatory license revocation, appellant might well argue that he was misled by the judge's reference to a drug offense and the advice, or lack of it, from his attorney. He might be able to prove that the revocation issue was crucial to his decision to enter a plea. These issues need to be fleshed out at an evidentiary hearing. We therefore, reverse and remand for an evidentiary hearing on appellant's motion to withdraw his plea. *See State v. Aiden*, 118 So. 3d 264, 265-66 (Fla. 3d DCA 2013).

GROSS, LEVINE and FORST, JJ., concur.

*          *          *

*Not final until disposition of timely filed motion for rehearing.*